IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE C. SWIACKI, * | |
| * | |
| Plaintiff, * | |
| v. * | |
| * | Case No. 09-348-WS |
| WILLIAM A. SWIACKI, JR., and * | |
| SWIACKI TRUST MANAGEMENT * | |
| COMPANY, * | |
| * | |
| Defendants. * | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P.26(f), a meeting was held on August 31, 2009, at Mobile, Alabama, and was attended by:

**Lead Trial Counsel**

C. Robert Gottlieb, Jr., P.O. Box 9820, Mobile, Alabama 36691, for Defendant William A. Swiacki, Jr., and Robert Christopher Matthews, Lyons, Pipes & Cook, P.O. Box 2727, Mobile, Alabama 36652, for Defendant Swiacki Trust Management Company.

David R. Quittmeyer and Katie L. Hammett, Hand Arendall LLC, P.O. Box 123, Mobile, Alabama 36601, for Plaintiff Leslie C. Swiacki.

**1)    Pre-Trial Conference**

The parties do request a conference with the court before entry of the scheduling order.

**2)    Plaintiffs' Preliminary Statement of Facts**

Leslie C. Swiacki ("Leslie") and William A. Swiacki, Jr. ("Bill") are sister and brother. Following the death of their father, a substantial amount of real estate was held in trust for the benefit of Leslie and Bill (the "Family Trust"). In 1997, Bill took over as trustee of the Family

Trust by forming Swiacki Trust Management Company. Swiacki Trust Management Company is a shell corporation which was formed to circumvent a requirement in the trust document that the trustee be a corporation, e.g., a bank. Bill also serves as the general partner for a real estate company he formed in the mid 1980's after soliciting Leslie to invest as a limited partner (the "Real Estate Company"). In 2004, Bill formed another real estate company, and on Bill's advice and insistence Leslie loaned the company $240,000 for a new development project. In 2006, again on Bill's advice and insistence, Leslie gave Bill $200,000 to purchase, as a co-owner, an old farmhouse adjacent to a real estate project controlled by Bill (the "Farmhouse"). In 2007, Bill had his own lawyer in Virginia prepare a will, revocable trust, and power of attorney that made Bill the primary beneficiary of Leslie's estate and appointed him as personal representative, trustee, and attorney-in-fact. As these events all demonstrate, Leslie trusted Bill implicitly, and she was always under the impression that his advice and actions had her best interests in mind.

This unconditional trust, however, came to an end on May 6, 2008, when Leslie was forcibly removed from her home, bound in handcuffs and shackles, and forced to attend a hearing in the probate court of Baldwin County. Unbeknownst to Leslie, Bill had a week earlier filed a petition to have her involuntarily committed. After detention and confinement for diagnosis and evaluation, the court dismissed the case after a determination that Leslie did not need treatment.

Following Leslie's release, she became suspicious of her brother's motives and her previous business dealings with him. Thus far, Leslie has discovered that Bill: (1) sold to her, at a price that was twice the appraised value, property that she essentially already owned as beneficiary of the Family Trust, (2) failed to diversify or make productive the assets of the Family Trust and potentially used such assets to make loans or gifts to personal friends, (3)

denied her distributions from the Family Trust which, unbeknownst to her, she was entitled to receive, and then continuously refused her requests for distributions even after being specifically informed that he was required by the trust instrument to comply; (4) has demanded, under threat of litigation, that Leslie consent to selling the Farmhouse at a loss; (5) used the power of attorney, just two days before attempting to have her committed, to retroactively approve the Real Estate Company's payment of cash bonuses to himself totaling $200,000 and payment of his personal insurance premiums, and (6) used the power of attorney to renew and extend his company's indebtedness to her after the loan was already in default, and then subsequently refused to repay the loan after it had matured. Plaintiff further believes this list of misconduct will grow in size and scope after she gains full access to, and knowledge of, the details of Bill's activities while acting in a fiduciary capacity and/or confidential relationship with her.

Accordingly, the claims alleged against Defendants include breach of fiduciary duty, abuse of a confidential relationship, self-dealing, conversion, fraud, negligence, and intentional infliction of emotional distress.

**3)** **Defendants' Preliminary Statement of Facts**

Leslie Swiacki and Bill Swiacki are brother and sister. Both of their parents are deceased. This lawsuit involves allegations by Leslie pertaining to a Massachusetts trust of which Bill and Leslie are beneficiaries, a Massachusetts Ltd. Partnership of which Bill and Leslie are partners, other Massachusetts real estate investments owned jointly by Bill and Leslie and commitment proceedings initiated by Bill Swiacki in the Probate Court of Baldwin County.

William A. Swiacki, the father of Bill and Leslie Swiacki, died on July 6, 1976. At his death, the William A. Swiacki Insurance Trust was activated. Initial co-trustees were Worchester County National Bank and Charlotte Swiacki, the mother of Bill and Leslie Swiacki.

There have been several successor trustees succeeding to their position by virtue of acquiring or merging with the prior corporate trustee. By 1997, the assets of the William A. Swiacki Insurance Trust consisted primarily of undeveloped land, all of which is located in Massachusetts. The Fleet Bank, the trustee at the time, was not interested in continuing to manage the Trust due to lack of income producing assets. As the Swiacki family was not interested in liquidating its long-term land holdings, the Fleet Bank resigned in September of 1997. Swiacki Trust Management Company, a Virginia Corporation, succeeded Fleet Bank and served as corporate trustee with Charlotte Swiacki as co-trustee beginning in September of 1997.

Charlotte Swiacki died in April of 1999. At that time, Swiacki Trust Management Company became the sole trustee. Through the Swiacki Trust Management Company, Bill Swiacki has managed the William A. Swiacki Insurance Trust for more than 10 years in a reasonable and economical fashion, charging below-market rate fees and making appropriate distributions when practical to do so. In March of 2009, Leslie Swiacki demanded a distribution in cash of $100,000. This demand could not be met as the William A. Swiacki Insurance Trust did not have liquid assets sufficient to satisfy Leslie's demand for a $100,000 cash distribution. The Trust only had real property holdings. On the advice of legal counsel, all real property held by the William A. Swiacki Insurance Trust was distributed to the beneficiaries as tenants in common on April 14, 2009. The Trust currently has no assets except for a small investment account.

Swiacki & Company, L.P. was formed in 1986 to develop family land holdings. Bill Swiacki is the sole general partner. Bill Swiacki currently owns approximately 60% of Swiacki & Company, L.P. while Leslie Swiacki owns approximately 39%. Bill Swiacki has managed

Swiacki & Company, L.P. for more than 20 years in a reasonable and economical fashion taking below-market rate compensation and making appropriate distributions when practical to do so.

Bill and Leslie Swiacki jointly own a single family home purchased in 2006 and a partially repaid purchase money mortgage note which they received in 2004 in connection with the sale of an undeveloped residential subdivision project. Bill Swiacki has managed these investments in a reason and economical fashion and has taken little or no compensation.

Bill Swiacki initiated commitment proceedings in the Probate Court of Baldwin County after becoming concerned about the mental health of Leslie Swiacki. After consultations with Leslie Swiacki's treating physician and therapist, along with family members and friends, Bill Swiacki decided in late April of 2008 to pursue a commitment proceeding. After consulting with the family's estate attorney who had prepared an estate plan for Leslie Swiacki and who recommended that Bill Swiacki record a durable general power of attorney from Leslie, Bill Swiacki followed the recommendations of the attorney and recorded the general power of attorney on April 11, 2008 with the local registry of deeds in Massachusetts. After the decision to pursue a commitment proceeding was made, Bill Swiacki used the general power of attorney to act on behalf of Leslie Swiacki with regard to several matters. Following her release, Leslie Swiacki revoked the power of attorney. Thereafter, this lawsuit was initiated alleging self-dealing, abuse of the power of attorney, diversion of assets, the intentional infliction of emotional distress and fraud.

**4)** **Trial**

This jury action should be ready for trial by September 1, 2010, and at this time trial is expected to take approximately five days.

**5)** **Pre-Trial Conference**

The parties request a pretrial conference in July 2010.

**6)** **Discovery Plan**

The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:[1]

All information relating to the purchase and sale agreements between Swiacki Trust Management Company and Leslie Swiacki or related parties and/or entities.

All information relating to the formation, administration, and distribution of the William A. Swiacki Insurance Trust.

All information relating to Defendant Swiacki Trust Management Company dealings as trustee of the William A. Swiacki Insurance Trust.

All information relating to the durable power of attorney obtained by Bill Swiacki as to Leslie Swiacki and its use.

Information related to medical and psychological conditions and/or treatment of the parties.

All information relating to a will, revocable trust, and power of attorney executed by Leslie Swiacki in April, 2007.

All information related to Swiacki & Company, LP.

All information related to the purchase, value, operation, and/or sale of the Farmhouse.

All information related to Bill Swiacki's decision to pursue commitment proceedings related to Leslie Swiacki.

Information related to the physical and mental conditions of the parties.

All discovery shall be commenced in time to be completed by June 1, 2010.

---

[1] By submitting this Discovery Plan, no party waives its right to object or other limitation of responses.

**7)** **Initial Disclosures**

The parties will exchange by September 24, 2009 (within twenty (20) days of this report) the information required by Fed.R.Civ.P. 26(a)(1).

**8)** **Joinder of Parties**

The parties request until January 1, 2010 to join additional parties and amend the pleadings.

**9)** **Experts**

Reports from retained experts under Rule 26(a)(2) due:

Plaintiffs' expert initial report(s) by March 18, 2010.

Defendants' expert report(s) by April 19, 2010.

Plaintiffs' rebuttal expert report(s) by May 19, 2010.

**10)** **Pretrial Disclosures**

Final lists of witnesses and exhibits under Rule 26(a)(3) due by August 2, 2010.

**11)** **Discovery Limits**

Maximum of 75 interrogatories, including subparts, by each party to any other party. Responses due 30 days after service.

Maximum of ten depositions by plaintiff and ten by defendants. Each deposition limited to a maximum of seven hours unless extended by agreement of parties.

Maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 75 requests for production of documents by each party to any other party. Responses due 30 days after service.

**12)** **Dispositive Motions**

All potentially dispositive motions filed by June 1, 2010.

**13)** **Settlement**

Settlement and the possibility of mediation cannot be realistically evaluated prior to at least some basic discovery being performed.

**14)** **Other**

To the extent it exists, relevant, nonprivileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the parties or a showing of substantial need to the Court for such information in that format. The parties will agree to the entry of any order regarding claims of privilege or for protection with respect to the inadvertent production of any privileged material that will allow the producing party to recall such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

The parties consent to a Magistrate handling this case.

*/s/ Katie L. Hammett*
DAVID R. QUITTMEYER (QUITD2630)
dquittmeyer@handarendall.com
KATIE L. HAMMETT (HAMMK7587)
khammett@handarendall.com
Attorneys for Plaintiff, Leslie C. Swiacki

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama  36601
Phone: (251) 432-5511
Fax: (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on the September 4, 2009, I served the foregoing pleading on the following party of record by mailing the same by United States mail, properly addressed and first class postage prepaid to the following:

C. Robert Gottlieb, Jr.
P.O. Box 9820
Mobile, AL 36691
*Attorney for William A. Swiacki, Jr.*

Walter M. Cook, Jr.
Robert Christopher Matthews
Lyons, Pipes & Cook
P.O. Box 2727
Mobile, AL 36652
*Attorneys for Swiacki Trust Management Company*

*/s/ Katie L. Hammett*

961829_4.doc