IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE C. SWIACKI, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| WILLIAM A. SWIACKI, JR., | * | Case No. 09-348-WS |
| SWIACKI TRUST MANAGEMENT | * | |
| COMPANY, DRAPER WOODS | * | |
| DEVELOPMENT, LLC, and MARK W. | * | |
| JUDSON, | * | |
| | * | |
| Defendants. | * | |

## FIRST AMENDED COMPLAINT

Parties, Jurisdiction, and Venue

1. Plaintiff Leslie C. Swiacki (referred to herein as the plaintiff or "Leslie Swiacki"), is a resident citizen of Baldwin County in the State of Alabama, and is over the age of 19 years.

2. Defendant William A. Swiacki, Jr. (referred to herein as "William Swiacki"), is a resident citizen of Fairfax County in the Commonwealth of Virginia, and is over the age of 19 years.

3. Defendant Swiacki Trust Management Company is a corporation formed under the laws of the Commonwealth of Virginia, and not of Alabama, having its principal place of business in Virginia.

4. Defendant Draper Woods Development, LLC ("Draper Woods"), is a limited liability company formed under the laws of the Commonwealth of Massachusetts, and not of Alabama, having its principal place of business in Massachusetts. Its members are William Swiacki and Mark W. Judson, who are resident citizens of Virginia and Massachusetts, respectively.

5.      Defendant Mark W. Judson (referred to herein as "Judson") is a resident citizen of Worcester County in the Commonwealth of Massachusetts and is over the age of 19 years.

6.      The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

7.      A substantial part of the events or omissions giving rise to the claims occurred in the judicial district of the Southern District of Alabama.

8.      Subject matter jurisdiction over this action exists under the provisions of 28 U.S.C. §1332, on account of complete diversity of citizenship between the parties and amount in controversy.

9.      Venue of this case is proper in this district under the provisions of 28 U.S.C. §1391.

## FACTS

### The Swiacki Family and the Family Trust

10.     Leslie Swiacki and William Swiacki are sister and brother.

11.     Their mother, Charlotte L. Swiacki, was a resident of Baldwin County, Alabama, when she died on April 16, 1999. Leslie Swiacki and William Swiacki were her only children.

12.     Charlotte L. Swiacki's estate is being administered in a proceeding opened in the Probate Court of Baldwin County, Alabama, on April 28, 1999, and removed to the Circuit Court of Baldwin County, Alabama, on March 20, 2009, bearing case number 05-CV-2009-900329.00. The administration of the estate is not the subject of this Complaint.

13.     William A. Swiacki, Sr., was the father of Leslie Swiacki and William Swiacki. He died on July 6, 1976. He established the William A. Swiacki Insurance Trust (the "Family Trust") on November 17, 1970, for the benefit of his wife Charlotte L. Swiacki, and then upon her

death, for the benefit of the children, who are Leslie Swiacki and William Swiacki.  The majority of the Family Trust assets have been made up of real estate, both developed and undeveloped. Based on the appraisal values of the properties for property tax purposes, the value of assets in the Family Trust in 2008 exceeded $1.75 million.

14. As of October 14, 1994, Shawmut Bank and Charlotte L. Swiacki were the co-trustees of the Family Trust.  On September 15, 1997, Fleet National Bank and Charlotte L. Swiacki were serving as co-trustees, but as of that date Fleet National Bank resigned as co-trustee. On September 26, 1997, defendant Swiacki Trust Management Company (sometimes referred to herein as the "Trustee") succeeded Fleet National Bank to serve as co-trustee with Charlotte L. Swiacki.  As of the date of Charlotte L. Swiacki's death in 1999, Swiacki Trust Management Company has served as sole trustee of the Family Trust.

15. Upon the death of Charlotte L. Swiacki, assets of the Family Trust were to be distributed between Leslie Swiacki and William Swiacki and held separately for their benefit.

16. On information and belief, William Swiacki is the sole owner, officer, and director of Swiacki Trust Management Company, and has exercised, and continues to exercise, complete control over it.  Swiacki Trust Management Company is the <u>alter ego</u> of William Swiacki.

17. On April 19, 1999, three days after the death of Charlotte L. Swiacki, Swiacki Trust Management Company, as trustee of the Family Trust, at the advice and insistence of William Swiacki, sold real property consisting of approximately 8 unimproved lots in Massachusetts to Leslie Swiacki for $48,000.00.  Even prior to the purchase, but undisclosed by William Swiacki, Leslie Swiacki as a current and remainder beneficiary of the Family Trust, already owned a one-half beneficial share of the property sold to her by the Trustee.

18.     The Family Trust requires that "prior to the sale of any real estate, the trustee should have said property appraised by full-time professional appraiser."  The only appraisal conducted for the said property was done over 5 years prior to the sale to the plaintiff.  Moreover, the deed to Leslie Swiacki states that the price she paid was at least twice the appraised value of the property based on the old appraisal.

19.     Under the terms of the Family Trust, at any time after either child has reached the age of 35, the Trustee is to pay to him or her the remaining balance of his or her share as the child so requests.  Leslie Swiacki was 38 years old at the time of her mother's death and is now 48 years old.

20.     On multiple occasions, Leslie Swiacki requested partial distribution of her share of the Family Trust in cash for her support and living expenses.  For instance, Trustee, in or around 2007, refused to pay the plaintiff's Alabama mortgage expenses, and in or around March 2009, refused to make a requested distribution to her.  On or about April 14, 2009, Trustee purportedly transferred to her a partial property interest in certain properties owned by the Family Trust, but William Swiacki retained an interest and control over the same by making himself or an entity controlled by him a co-tenant as to all such property.  Leslie Swiacki was not consulted regarding, and did not agree to, such co-tenancy, because it deprives her of control and income in her own right.  Trustee purports to have created the co-tenancy regardless of Leslie Swiacki's needs and preferences.

21.     William Swiacki and the Trustee have consistently and intentionally failed and refused to distribute money or property to Leslie Swiacki for her health, welfare, or support.

22.     Among other incidents of self-interest, upon information and belief, William Swiacki made loans or gifts from the Family Trust of at least $10,000.00 to one of William

Swiacki's close friends in order to fund various business ventures including a New York City nightclub and a movie production.

### William Swiacki's Dealings with Swiacki Real Estate Company

23. Swiacki & Company, Limited Partnership (the "Real Estate Company") was established as a Virginia limited partnership on March 22, 1986, for the purpose of acquiring, developing, managing, holding for investment, and/or selling real estate. Defendant William Swiacki is the sole general partner of the Real Estate Company. The owners of the Real Estate Company, as limited partners, are the plaintiff Leslie Swiacki, who has approximately a 39% ownership interest, and defendant William Swiacki and his wife, who together have approximately a 61% ownership interest. These ownership interests were acquired by purchase and payment at the time of organization.

24. Defendant William Swiacki has exercised, and continues to exercise, complete control over the Real Estate Company.

25. As general partner of the Real Estate Company, William Swiacki has a fiduciary duty to Leslie Swiacki.

### The Power of Attorney: William Swiacki's Self-Dealing

26. In April 2007, William Swiacki had his own lawyer in Virginia prepare a will, revocable trust, and power of attorney and sent them to Mobile, Alabama, for Leslie Swiacki to execute. Leslie Swiacki was not personally consulted regarding the preparation or content of any of these matters, except for questions about her favorite charities. William Swiacki explicitly told Leslie Swiacki that she should rely on his judgment about these things.

27. As part of the estate plan prepared and imposed by William Swiacki, on April 25, 2007, at her brother's request, Leslie Swiacki executed a Durable General Power of Attorney

naming William Swiacki as her attorney-in-fact, to be used only as necessary.  William Swiacki recorded the instrument in Massachusetts a year later on April 11, 2008, shortly before he commenced a legal proceeding (to be described later) against his sister in Baldwin County, Alabama.

28. On April 28, 2008, William Swiacki used the power of attorney to sign an Acknowledgment of Partners of the Real Estate Company (that is, a unanimous written consent) ("Unanimous Consent") on Leslie Swiacki's behalf, as her attorney-in-fact, that retroactively approved payment of William Swiacki's medical, dental, life and disability insurance premiums for the years 2004 and every year thereafter, as well as ratifying the payment of cash bonuses to himself totaling $200,000.00 that were paid during the years 2004 through 2006.

29. William Swiacki did not inform or consult Leslie Swiacki regarding the said payments that William Swiacki voted for himself, or as to any of the matters addressed in the purported Unanimous Consent.  The matters did not become known to Leslie Swiacki until within the past year.

30. William Swiacki has not informed Leslie Swiacki of specific other instances when he purportedly acted as her attorney-in-fact.

31. William Swiacki engaged in willful misconduct and gross negligence with regard to the Power of Attorney.

32. After William Swiacki's attempt to have his sister committed (which will be described below), Leslie Swiacki revoked the Power of Attorney on June 3, 2008.

33. Defendant William Swiacki, as general partner and manager, has failed to apprise or consult Leslie Swiacki as to matters regarding the ownership and management of the assets of the Real Estate Company, and, because of William Swiacki's total control and domination, it is

6

impossible for Leslie Swiacki to determine the extent and value of the assets in the Real Estate Company that he has diverted to his own personal use and benefit.

William Swiacki's Effort to Confine and Commit Leslie Swiacki

34.     On May 1, 2008, two days after executing the purported Unanimous Consent described above, William Swiacki filed a petition in the Probate Court of Baldwin County, Alabama, to have Leslie Swiacki involuntarily committed to the custody of the Alabama Department of Mental Health. The case bore Baldwin County Probate Court case number 25694. In his petition for involuntary commitment, William Swiacki asserted that Leslie Swiacki was "mentally ill," that she was "a seriously dangerous person," and that she should be "committed to a mental institution."

35.     On May 6, 2008, Leslie Swiacki was awoken early in the morning, forcibly removed from her home, physically bound in handcuffs and shackles, and forced to attend, without earlier notice, and against her will, a hearing in the probate court of Baldwin County. William Swiacki appeared in person to testify against her.  Based on testimony given and arranged by William Swiacki, the probate court ordered that Leslie Swiacki be detained and confined at a facility for diagnosis and evaluation.  Leslie Swiacki was forcibly sent to such facility against her will, where she was determined to have no need for treatment, posed no threat of harm to others, and was not a dangerous person.  On May 13, 2008, the probate court dismissed the involuntary commitment proceeding.

36.     During the time of Leslie Swiacki's detention, William Swiacki entered her home, resided there, went through her personal effects, and removed personal and financial materials. William Swiacki refused to allow Leslie Swiacki's personal friends to have access to the property.

The Loan to Draper Woods

37. On or about June 21, 2004, on the advice and insistence of William Swiacki, Leslie Swiacki made a loan in the amount of $240,000 (for which she contributed cash) to Draper Woods, a Massachusetts limited liability company controlled by William Swiacki, and as to which he is the manager and 50% owner.

38. In June, 2004, William Swiacki caused the Real Estate Company to sell property to Draper Woods for $50,000 and then paid himself a $100,000.00 cash bonus for doing so. This was an act of self-dealing further evidenced by the fact that no corporate approval was given, and William Swiacki, four years later, tried to retroactively authorize the payment to himself by executing the Unanimous Consent under the power of attorney described above.

39. On May 14, 2008, the day after the commitment proceeding was dismissed, William Swiacki, without consulting Leslie Swiacki, executed on her behalf, under the power of attorney referred to above, a renewal and extension of indebtedness owing to her from Draper Woods. The indebtedness had in fact already matured, and Leslie Swiacki was entitled to payment in cash of the amount owed to her. Leslie Swiacki was not consulted and did not agree to the extension of the maturity date.

40. The said indebtedness was evidenced by a promissory note from Draper Woods dated June 21, 2004 (the "Note").

41. Payment of the Note was personally guaranteed by both William Swiacki and Mark W. Judson ("Judson"), jointly and severally.

42. Even assuming that the extension of maturity was proper, which it was not, payment in full of the Note was required to be paid no later than August 15, 2009. Draper Woods is in breach of the Note for failure to make payment thereunder.

43. William Swiacki, as a guarantor of the Note, is in breach of the Note and his guaranty for failure to make payment thereunder.

44. Judson, as a guarantor of the Note, is in breach of the Note and his guaranty for failure to make payment thereunder.

45. The Note states that if it is not paid when due, all costs of collection, including reasonable attorney's fees, are to be added to the amount due under the Note and shall be recoverable with the amount due under the Note.

46. As of August 15, 2009, the unpaid balance due and owing to the plaintiff under the Note was at least $163,611.90, exclusive of charges, late fees, and costs. Plaintiff seeks a money judgment against each of Draper Woods, William Swiacki, and Judson for the amount due under the Note.

### The Farmhouse

47. In July of 2006, on the advice and insistence of William Swiacki, Leslie Swiacki contributed $200,000.00 in cash to the purchase price of $400,000.00 for property located at 142 Brookfield Road, Sturbridge, Massachusetts. The property is a farmhouse adjacent to a real estate development owned or controlled by William Swiacki. William Swiacki has exercised complete control over the farmhouse property. Leslie Swiacki has received no benefit or use of the said property. William Swiacki is now insisting, under threat of litigation, that the property be sold for $315,000.00.

## CAUSES OF ACTION

### Count One
(Breach of Fiduciary Duty – William Swiacki and Swiacki Trust Management Company)

48. The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

49. As sole owner and controlling person of the Trustee, William Swiacki owes a fiduciary duty to Leslie Swiacki.

50. As general partner of the Real Estate Company, William Swiacki owes a fiduciary duty to Leslie Swiacki.

51. Under the power of attorney executed by Leslie Swiacki, William Swiacki owed a fiduciary duty to Leslie Swiacki.

52. As Trustee of the Family Trust, defendant Swiacki Trust Management Company owes a fiduciary duty to Leslie Swiacki.

53. Each of these defendants owes a fiduciary duty to the plaintiff.

54. In accordance with their fiduciary duties of loyalty, care, good faith and fair dealing, these defendants are obligated to refrain from violating the express terms of the applicable governing instruments, participating in any transactions where their loyalties are divided, participating in any transaction where they receive a personal financial benefit, or unjustly enriching themselves at the expense or to the detriment of the plaintiff.

55. These defendants, separately and together, breached fiduciary duties owed to the plaintiff, engaged in self-dealing, and obtained for themselves personal benefits.

56. By reason of the foregoing acts, practices, and course of conduct, these defendants have failed to exercise the required care and diligence in the exercise of their

fiduciary obligations toward the plaintiff, and have breached the confidential relationship arising therefrom, thereby causing damage to the plaintiff.

## Count Two
(Accounting – William Swiacki and Swiacki Trust Management Company)

57. Leslie Swiacki reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

58. The assets described herein involve the existence of a fiduciary relationship of William Swiacki and Swiacki Trust Management Company to the plaintiff. Some or all of the assets involve mutual accounts of the plaintiff and these defendants. The accounts are complicated and the assets and proceeds owed to the plaintiff are difficult to trace and to determine because of these defendants' control of the transactions affecting the plaintiff's interest.

59. The correct amount of money and assets due to the plaintiff cannot be ascertained without an accounting of the various assets controlled by these defendants.

60. An accounting is necessary to determine the benefits derived by these defendants from transactions as to which there was a fiduciary duty to the plaintiff.

## Count Three
(Conversion – William Swiacki and Swiacki Trust Management Company)

61. The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

62. Defendants William Swiacki and Swiacki Trust Management Company converted to their own use property belonging in whole or in part to the plaintiff or held and controlled by them for the benefit of the plaintiff.

## Count Four
(Fraud – William Swiacki and Swiacki Trust Management Company)

63. The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

64. Defendants William Swiacki and Swiacki Trust Management Company made misrepresentations of material fact willfully to deceive, or recklessly without knowledge, which were acted upon by plaintiff.

65. These defendants had an obligation to communicate material facts because of their confidential and fiduciary relationships with the plaintiff, and because of the particular circumstances of this case. The plaintiff was harmed because these defendants concealed, suppressed, hid, or withheld material facts about assets they controlled for her benefit. The plaintiff did not know of the important facts, and was harmed as a result.

66. These defendants committed deceit and promissory fraud by suggesting facts they believed not to be true, or by asserting facts with no reasonable ground for believing them to the be true, or suppressed facts that they were bound to disclose, or gave information of other facts that were likely to mislead for want of communication of material facts, or made a promise to the plaintiff without any intention of performing it. These defendants willfully deceived the plaintiff with the intent to induce her to alter her position to her injury or risk, and they are liable for the damage the plaintiff thereby suffered.

## Count Five
(Negligence – William Swiacki and Swiacki Trust Management Company)

67. The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

68. Each of William Swiacki and Swiacki Trust Management Company failed to use reasonable care to prevent harm to the plaintiff. Each of these defendants acted in a way that a

reasonably prudent person would not do in a similar situation, or failed to do something that a reasonably prudent person would have done in a similar situation.

## Count Six
(Intentional Infliction of Emotional Distress – William Swiacki)

69.     The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

70.     The efforts of the defendant William Swiacki to have the plaintiff forcibly removed from her home, detained, publicly appear in handcuffs and shackles, and committed to an institution, while at the same time he was exercising all control over her affairs, including engaging in transactions for his own benefit, was so outrageous in character and so extreme in degree as to go beyond the boundaries of decency.  Defendant William Swiacki acted in such a way that either intentionally or recklessly caused the plaintiff emotional distress.  The conduct was extreme and outrageous, and caused severe emotional distress to the plaintiff.

## Count Seven
(Breach of Promissory Note and Guaranties – Draper Woods, William Swiacki, and Judson)

71.     The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

72.     Defendants Draper Woods, William Swiacki, and Judson have defaulted under the Note and guaranties, and each of them owes the plaintiff the full amount due to her thereunder, including all lawful costs, charges, late fees, and attorney's fees.

## Punitive Damages
(William Swiacki and Swiacki Trust Management Company)

73.     The plaintiff reavers and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

74.     Each of defendants William Swiacki and Swiacki Trust Management Company:

      (a)      engaged in intentional misrepresentation, deceit, or concealment of a material fact that the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendants of thereby depriving the plaintiff of property or legal rights or otherwise causing injury; or

      (b)      intentionally did a wrongful act without just cause or excuse, either with an intent to injure the plaintiff or her property, or under such circumstances that the law will imply an evil intent; or

      (c)      engaged in conduct which was carried on with a reckless or conscious disregard of the rights or safety of the plaintiff; or

      (d)      subjected the plaintiff to cruel and unjust hardship in conscious disregard of her rights.

75. The plaintiff is entitled to punitive damages because the defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them respectively in accordance with the foregoing Counts named against them, as follows:

      a.      for a full and complete account of all of defendants' actions conducted in a fiduciary or confidential relationship with plaintiff, including an account as to all moneys and properties received and disbursed by defendants, all investments made by defendants, all income collected by defendants, and all charges for compensation made by defendants against such property, as the foregoing relate to the Family Trust, the Real Estate Company, the loan to

Draper Woods, the Farmhouse, and any other transaction in which defendants maintained a fiduciary or confidential relationship with plaintiff;

  b. for the amount found to be due from the defendants to the plaintiff as a result of such accounting;

  c. for a money judgment against defendants Draper Woods, William Swiacki, and Judson for the principal and interest owed to her pursuant to the Note, plus all charges, late fees, costs of collection, and attorney's fees.

  d. for equitable relief removing the defendants from any position of control over assets owned in whole or in part by, or due to, the plaintiff, and any position of co-ownership with plaintiff as to such property;

  e. for actual compensatory damages in an amount of not less than one million dollars and for the interest on any amount owed;

  f. for punitive damages as allowed by applicable law in an amount set by a jury and sufficient to punish the defendants for their wrongful conduct and to deter wrongful conduct in the future;

  g. for the costs of this action, including reasonable attorney's fees; and

  h. for such other, further, and different relief to which the plaintiff may prove herself entitled, or as the Court may deem proper.

              */s/ Katie L. Hammett*
              DAVID R. QUITTMEYER (QUITD2630)
              KATIE L. HAMMETT (HAMMK7587)
              Attorneys for Leslie C. Swiacki

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123

Mobile, Alabama   36601
Phone:  (251) 694-6224
Fax:  (251) 694-6375

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Robert Gottlieb, Jr. (*RGottlieblaw@aol.com*)
P.O. Box 9820
Mobile, AL 36691
*Attorney for William A. Swiacki, Jr.*

Walter M. Cook, Jr. (*wmc@lpclaw.com*)
Robert Christopher Matthews (*rcm@lpclaw.com*)
Lyons, Pipes & Cook
P.O. Box 2727
Mobile, AL 36652
*Attorneys for Swiacki Trust Management Company*

/s/ Katie L. Hammett

THE PLAINTIFF RESPECTFULLY DEMANDS A
TRIAL BY JURY AS TO ALL MATTERS TRIABLE BY JURY.

**The following new defendants will be served personally by process server at the following known address, or at such other place as may be permitted by law:**

| | |
|---|---|
| **Draper Woods Development, LLC** | **Mark W. Judson** |
| **c/o Mark W. Judson, Manager** | **94 Fairview Park Road** |
| **125 McGilpin Road** | **Sturbridge, MA  01566** |
| **Sturbridge, MA  01566** | Or at: |
| | **125 McGilpin Road** |
| | **Sturbridge, MA  01566** |

974969_1.doc