IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE C. SWIACKI, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| WILLIAM A. SWIACKI, JR., | *   Case No. 09-348-WS |
| SWIACKI TRUST MANAGEMENT | * |
| COMPANY, DRAPER WOODS | * |
| DEVELOPMENT, LLC, and MARK W. | * |
| JUDSON, | * |
| | * |
| Defendants. | * |

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to *Federal Rule of Civil Procedure* 56, plaintiff Leslie C. Swiacki, formerly Bailey ("Leslie"), moves this Court to enter summary judgment on Count Seven of the plaintiff's First Amended Complaint against Defendants William Swiacki, Jr. ("Bill) and Draper Woods, LLC ("Draper Woods"). In support of this motion, Leslie avers as follows:

### I. INTRODUCTION

This action involves several counts and causes of action regarding Bill's misdeeds, misappropriation, and mistreatment of Leslie and her trust property. This action also involves claims regarding the Swiacki Trust Management Company's improper management of the trust funds. However, this partial summary judgment involves only Count Seven, which arises out of Draper Woods, LLC's ("Draper Woods") failure to make payment on amounts due under a Promissory Note. Bill and Mark Judson ("Judson") personally guaranteed the Promissory Note and are also personally liable for the Note payment, but have also failed to make payment on the

amounts due.[1]  Being encouraged to do so by Bill, Leslie made a loan to Draper Woods, a development company that was developing a subdivision in Massachusetts. Draper Woods is owned by Bill and Judson. Draper Woods has failed to make the payments required under the Promissory Note. As a result of Draper Woods', Bill's, and Judson's failure to make payments, they are in default on the Promissory Note and Guaranty. Because the facts are uncontroverted and show that Leslie is entitled to judgment, summary judgment is proper.

## II. NARRATIVE OF UNDISPUTED FACTS

On or about June 21, 2004, Leslie and Draper Woods entered into a Promissory Note, signed pursuant to an agreement between Leslie and Draper Woods whereby Draper Woods owed Leslie $240,000, and Leslie agreed to accept the Promissory Note for partial security on the loan. (Affidavit of Leslie Swiacki, attached hereto as Exhibit A).[2] Bill also loaned Draper Woods $240,000; thereby making the entire amount on the Promissory Note $480,000. (Affidavit of Leslie Swiacki ¶ 3, Exhibit A).

Bill, along with Judson, personally guaranteed the Promissory Note. (Affidavit of Leslie Swiacki ¶ 3; Answer by Bill Swiacki Jr. to First Amended Complaint ¶ 41 [Doc. 28]).

Pursuant to the terms of the Promissory Note, Draper Woods was to make a $100,000 payment within 30 days (i.e., on or before July 21, 2004), and an additional $380,000 payment within twenty four months (i.e. on or before June 21, 2006), with interest on the unpaid balance to accrue at a rate or 10% per annum. (Affidavit of Leslie Swiacki ¶ 5, Exhibit A). The interest on the unpaid balance was to be paid fully on an annual basis. (Affidavit of Leslie Swiacki ¶ 5, Exhibit A). Further, the entire principal balance along with all unpaid interest was to be due

---

[1] Judson has failed to make an appearance or file a responsive pleading and is currently subject to a Motion for Default Judgment. [Doc. 33]. As such, this Motion is made only as to Bill and Draper Woods.
[2] The Affidavit of Leslie Swiacki is attached hereto as Exhibit A.

2

within 24 months of the execution of the Promissory Note. (Affidavit of Leslie Swiacki ¶ __, Exhibit 1).

Also, under the terms of the agreement, interest is to accrue at a rate of 15% per annum in the event of default, and Leslie is entitled to recover reasonable attorneys' fees and costs of collection. (Affidavit of Leslie Swiacki, ¶ 6).

On May 14, 2008, just one day after the commitment proceeding was dismissed, Bill used a durable power of attorney, without consulting Leslie, and executed a renewal and extension of the payment of the Promissory Note. (Affidavit of Leslie Swiacki ¶ 8, Exhibit B). While the indebtedness had in fact already matured, and Leslie was entitled to payment owed to her, assuming for purposes of this Motion that the extension was proper, the Note was required to be paid no later than August 15, 2009. (Affidavit of Leslie Swiacki ¶ 8, Exhibit B). As of August 15, 2009, the remaining principal balance along with all unpaid interest was $163,611.90. (Affidavit of Leslie Swiacki ¶ 9). Draper Woods has still not paid any amount on this outstanding balance. (Affidavit of Leslie Swiacki ¶ 9).

Both Bill and Judson personally guaranteed Draper Woods' payments to Leslie. (Affidavit of Leslie Swiacki ¶¶ 3, 10, Exhibit A). Neither Draper Woods nor Bill nor Judson have paid Leslie the remaining amount owed. (Affidavit of Leslie Swiacki ¶¶ 9, 10). Because of this failure to pay on the loan, Draper Woods, Bill, and Judson are in breach of the agreement and have defaulted under the Promissory Note and Guaranty by failing or refusing to pay amounts due thereunder to Leslie for the goods and services provided.

Leslie rightfully placed Draper Woods, Bill, and Judson in default on the Promissory Note and Guaranty and the amounts due thereunder are now due and payable by their terms in

full. (Correspondence from David Quittmeyer dated August 17, 2009, attached hereto as Exhibit 2).

Because of each of Draper Woods' and Bill's default on the Promissory Note and Guaranty, the total balance currently due Leslie is $163,611.90. Leslie is also entitled to 15% per annum interest, late charges, expenses and costs of collection, including attorneys' fees and court costs.

### III. LEGAL ARGUMENT AND STANDARD

Summary judgment is proper when "the pleadings, depositions, [discovery responses], and affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Ala. R. Civ. P. 56; *Ex parte Atmore Comm. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998). "Initially, the movant has the burden to make a *prima facie* showing that there is no genuine issue of material fact. Such a showing shifts the burden to the nonmovant to present substantial evidence as to each element of the claim challenged by the movant." *Ex parte Atmore Comm. Hosp.*, 719 So. 2d at 1193 (internal citation omitted). When "the opposing party fails to offer [substantial] evidence to contradict th[e evidence] presented by the moving party, there is no alternative but to consider that evidence uncontroverted." *Whatley v. Cardinal Pest Control*, 388 So. 2d 529, 532 (Ala. 1980).

In the present case, Leslie is due to be granted her motion for summary judgment on her contractual claim (Count Seven) as there are no genuine issues of material fact and it is entitled to a judgment as a matter of law.

### IV. BREACH OF CONTRACT/ACTION ON PERSONAL GUARANTY

A plaintiff can establish a breach of contract claim by showing "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3)

the defendant's nonperformance, and (4) damages." *Southern Medical Health Systems, Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995); *see also Singarella v. City of Boston*, 173 N.E. 2d 290, 291 (Mass. 1961).[3] As the above facts prove, there was a valid contract binding the parties. Leslie performed under the contract by loaning funds to Draper Woods.

In order to entice Leslie to enter into the Promissory Note, Bill provided a personal guaranty of the performance of the Promissory Note. Leslie provided notice of dishonor, demand for payment, or other similar type notice to Bill. (Exhibit B). Bill further agreed to reimburse Leslie for all expenses, including reasonable attorneys' fees, incurred by Leslie in the enforcement of her rights with respect to Draper Woods and the guaranty. Because Draper Woods has defaulted under the Promissory Note, Leslie rightfully turned to Bill and Judson, as the personal guarantors of the Promissory Note, to recover under the guarantee. Bill has failed to pay as required by the Guaranty, and now owes Leslie $163,611.90 in addition to interest, late charges, expenses and costs of collection, including attorneys' fees and court costs due under the Promissory Note and Guaranty.

For the above reasons, Leslie moves this Court to grant her Motion for Summary Judgment with respect to the claims and provide it with the relief requested.

Respectfully submitted,

*/s/ Katie L. Hammett*
DAVID R. QUITTMEYER (QUITD2630)
KATIE L. HAMMETT (HAMMK7587)
*Attorneys for Leslie C. Swiacki*

---

[3] In determining which law to apply, a federal district court sitting in diversity must apply the choice of law rules of the forum state. *Trumpet Vine Investments v. Union Capital Partners, I, Inc.*, 92 F.3d 1110 (11th Cir. 1996). The law of the forum governs procedural issues and remedies in Alabama. *Fitzgerald v. Austin*, 715 So.2d 795, 798 (Ala. Civ. App. 1997); *Connell v. United States Steel Corp.*, 516 F.2d 401, 408 (5th Cir. 1975). However, under either Alabama and/or Massachusetts law, Leslie is entitled to summary judgment.

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 694-6224
Fax: (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Robert Gottlieb, Jr. (RGottlieblaw@aol.com)
P.O. Box 9820
Mobile, AL 36691
Attorney for William A. Swiacki, Jr.

Walter M. Cook, Jr. (wmc@lpclaw.com)
Robert Christopher Matthews (rcm@lpclaw.com)
Lyons, Pipes & Cook
P.O. Box 2727
Mobile, AL 36652
Attorneys for Swiacki Trust Management Company


I served the foregoing pleading on the following party of record by mailing the same by United States mail, properly addressed and first class postage prepaid to the following:

Mark W. Judson
94 Fairview Park Road
Sturbridge, MA 01566
Or at:
7 Winthrop Street
Medway, MA 02053-2110

995291_2.docx