IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LESLIE C. SWIACKI,

    Plaintiff,

vs.

WILLIAM A. SWIACKI, JR. and
SWIACKI TRUST MANAGEMENT
COMPANY,

    Defendants.

Case No.:
09-0348-WS-C

### RESPONSE OF WILLIAM A. SWIACKI, JR. TO MOTION FOR PARTIAL SUMMARY JUDGMENT BY LESLIE C. SWIACKI

Comes now William A. Swiacki, Jr. and for response to the motion for partial summary judgment on behalf of Leslie C. Swiacki says as follows:

### I.  INTRODUCTION

The motion for partial summary judgment requests the Court to enter summary judgment on Count Seven of the First Amended Complaint filed on October 1, 2009.  There is presently pending a motion for leave to file a Second Amended Complaint which was filed on December 29, 2009.  The motion for partial summary judgment is based upon the personal guarantee of Bill Swiacki of a promissory note, an executed copy of which cannot be found.

## II.   CONTENTION OF WILLIAM A. SWIACKI, JR. REGARDING UNDISPUTED FACTS

Bill Swiacki notes in his affidavit[1] that an executed copy of the promissory note for the purchase money loan has not been produced.  Leslie Swiacki states in her affidavit, with respect to the promissory note, as follows:

> "I attempted, but I could not locate in my records the executed copy of the Promissory Note . . .".

Bill Swiacki says that he drafted the documents relating to the purchase money loan on behalf of himself and Leslie.  Bill Swiacki says he told his sister, Leslie Bailey as she was known at the time, that the initial term was set to match the two year term of the initial bank loan.  Bill Swiacki further says the intent was to extend the purchase money loan through the term of the project since both the collateral as well as the lot release provisions were tied to Phase II and Phase III lots, the sale of which were not even projected to start for another 24 months or so.  While not denying the existence of the document, Bill Swiacki says he has been unable to locate an executed copy and unable to determine the amount which is owed.  As noted in paragraph 12 of the affidavit of Bill Swiacki, documents relating to the loan were executed in Massachusetts, Virginia and Alabama.

## III.   LEGAL ARGUMENT AND STANDARD

It is the law of the state where the document is executed and to be performed which governs the contractual relations between the parties [see State v. McElroy, 220 Ala. 452, 125 So. 903 (1930); Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 So. 508 (1915)].  According to Bill Swiacki, the original promissory note for the purchase money loan was

---

[1] Facsimile copy attached and original will be substituted as it is being over-nighted.

executed, if it was, in Massachusetts whereas the loan modification agreement was executed in Virginia and Massachusetts.

A recent decision by the Court of Appeals of Virginia gives guidance as to Virginia law. A copy of the decision is attached for the convenience of the Court. In <u>Cardinal v. Commonwealth of Virginia</u>, the issue was whether an unsigned and draft copy of a promissory note should have been introduced into evidence. The case of <u>Bradshaw v. Commonwealth</u>, 16 Va. App. 374, 429 S.E.2d 881 (1993) was cited as authority for the proposition that in Virginia the best evidence rule provides the writing itself provides the primary evidence thus it must be introduced or its absence sufficiently accounted for. The Court in <u>Bradshaw</u>, <u>supra</u>, stated as follows:

> "In Virginia, the best evidence rule provides that "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted." Randolph v. Commonwealth, 145 Va. 883, 889, 134 S.E. 544, 546 (1926); Butts v. Commonwealth, 145 Va. 800, 816, 133 S.E. 764, 769 (1926). Thus, if the purpose is to prove the truth of the contents of a writing, the primary evidence must be produced, if available. It is only when sufficient evidence discloses that the primary evidence is not available that secondary evidence may be admitted for that purpose. Id. When secondary evidence is admitted in such cases, it is introduced to prove the facts contained in the writing. See Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991). Generally, the sufficiency of the evidence relating to unavailability of the writing is a preliminary question addressed to the sound discretion of the trial court. See Beirne v. Rosser, 67 Va. (26 Gratt.) 537, 544-45 (1875). In some instances, as here, there may be a dispute whether or not the original writing ever existed. In that event, the conflicting evidence on the question of whether the original ever existed at all must be presented to the jury and resolved as a matter of fact. See Charles E. Friend, The Law of Evidence in Virginia §§ 197 (3d ed. 1988)."

There has been no showing that a diligent search has been made in the place where it is most likely Leslie's executed copy (if there is one) of the promissory note is to be found and/or that the search has been unsuccessful.

It is also logical that Leslie Swiacki knew the intent behind the note was not that it be paid until the Draper Woods project was developed and sold.  Leslie made no demand for interest due on 6/21/08 or 6/21/09 and she obviously knew that the original note was to be paid with a payment of $100,000.00 on or before July 21, 2004 and an additional $380,000.00 on or before June 21, 2006 with interest on the unpaid balance (see p.2 of Brief of Leslie Swiacki).  A case of interest is <u>Brantley v. Karas</u>, 220 Va. 489, 260 S.E.2d 189 (1979) which involved a dispute about whether the plaintiffs were holders in due course of a promissory note.  One of the issues was whether a plaintiff had actual knowledge of claims against the instrument.  In discussing its decision, the Court in <u>Brantley v. Karas</u> stated, in part, as follows:

> "Under Code A §8.1-201(25), a person has notice of a fact if he has actual knowledge of it or he has reason to know it from the facts and circumstances of which he has actual knowledge."

## IV.   CONCLUSIONS

For the above reasons, William A. Swiacki, Jr. moves the Court to deny the motion for partial summary judgment.

/s/ C. Robert Gottlieb, Jr.
C. ROBERT GOTTLIEB, JR.
GOTTC2469
Counsel for William A. Swiacki, Jr.
Post Office Box 9820
Mobile, Alabama 36691
(251) 343-7710
rgottlieblaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this  4th   day of January, 2010 served a copy of the foregoing on David R. Quittmeyer, Esq. and Katie L. Hammett, Esq., c/o Hand Arendall, L.L.C., Post Office Box 123, Mobile, Alabama 36601 and Robert C. Matthews, Esq., 2 North Royal Street, Mobile, Alabama 36602 by electronic filing with the United States District Court, Southern District of Alabama, Southern Division.

 /s/ C. Robert Gottlieb, Jr.
C. ROBERT GOTTLIEB, JR.